IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NAEEM KHALIFAH,<br>ESTATE OF TALIA DUBOSE,<br>*Plaintiff*, | :<br>:<br>: | CIVIL ACTION |
| v. | :<br>:<br>: | NO. 21-cv-04981 |
| ALLSTATE PROPERTY AND CASUALTY<br>INSURANCE COMPANY,<br>*Defendant*. | :<br>:<br>:<br>: | |

## **MEMORANDUM**

Before the Court is Defendant Allstate Property and Casualty Company's Motion to Dismiss the Plaintiff's bad faith claim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). ECF No. 8. Upon review of the Complaint and Notice of Removal (ECF No. 1), the Court will grant Defendant's Motion, as the Complaint does not contain sufficient factual allegations for the Court to conclude that the Plaintiff has stated a plausible bad faith claim.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010)) (internal quotation marks omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts the factual allegations contained in the complaint as true but disregards rote

recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements. *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). This Court will grant a motion to dismiss if the factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      Here, the Complaint is clearly insufficient as to the bad faith claim. For Plaintiff's bad faith claim to survive a F.R.C.P. 12(b)(6) motion, Plaintiff must articulate a sufficient factual basis to show that Allstate acted unreasonably and recklessly by clear and convincing evidence. Plaintiff's Complaint contains only conclusory statements regarding Allstate's failure to pay the insurance claim and does not contain any specific allegations regarding how Allstate acted in bad faith. For that reason, the bad faith claim will be dismissed without prejudice.

BY THE COURT:

/s/ Chad F. Kenney

**12/2/2021**

**CHAD F. KENNEY, JUDGE**